THOMPSON, Judge.
The appellants challenge a worker’s compensation Order, contending that the Deputy erroneously ordered them to provide the appellee (“the claimant”) with palliative medical treatment. We agree and reverse.
The claimant was injured in a compensa-ble accident in April 1979. From May to July 1979, she was treated by two orthopedic physicians, who could find no objective basis for her complaints. During this time, she was also examined by a urologist, whose examination was negative. In July 1979, one of the orthopedic physicians reported that the claimant was quite dissatisfied with the fact that he could find no reason for her pain or her professed inability to work. Accordingly, he recommended further consultation.
The claimant filed a claim for further medical treatment, after which she stipulated that the appellants had provided her with the services of two orthopedic physicians. At a hearing in August 1980, the claimant testified that she had been on welfare and had not worked nor sought further medical care for more than one year prior to the hearing. She complained of pain, and she stated that she would like to see another doctor. The Deputy subsequently entered his Order, directing the appellants to provide palliative care to the claimant by a general practitioner, in addition to paying taxable costs and attorney’s fees.
Before the appellants can be ordered to provide medical treatment, there must be a causal relationship between the claimant’s compensable accident and the condition for which medical treatment is ordered. See Govin’s, Inc. v. Carpenter, IRC Order 2-3305 (Dec. 30,1977). In this instance, there is a complete lack of competent substantial evidence as to such a causal relationship.
The Deputy ordered treatment for pain, but there was no evidence that the claimant’s pain was causally related to her accident. Two orthopedic surgeons and a urologist were unable to find any objective cause for the claimant’s complaints, and a further consultation was recommended only because the claimant was dissatisfied with the medical reports herein. Additionally, the claimant’s testimony was wholly inadequate to establish a causal connection between her accident and her later complaints of pain. This inadequacy is underscored by the facts of this case, where, by the time of the hearing, more than 15 months had passed since the claimant’s accident, and more than 12 months had passed since her last medical examination. Under these circumstances, there is no competent substantial evidence to support an award of medical treatment based solely on the fact that a claimant testifies that she has various pains that “just come and go.” Therefore, the Deputy’s Order is reversed, including the award of costs and attorney’s fees.
BOOTH, J., concurs.
LARRY G. SMITH, J., dissents.